IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CORTEZ DELANO ERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00412-DGK |
| | ) | |
| KANSAS CITY AREA TRANSPORTATION AUTHORITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises from Plaintiff pro se Cortez D. Ervins's employment with Defendant Kansas City Area Transportation Authority. Plaintiff alleges Defendant discriminated against him based on his age and race.

Now before the Court is Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Because the Complaint fails to allege sufficient facts to state a plausible claim, the motion is GRANTED.

### Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). While pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Background

In the Complaint, which is a checklist form, Plaintiff alleges Defendant engaged in discriminatory conduct consisting of "unequal terms and conditions of employment," "retaliation," "harassment/hostile work environment," and "forgery."[1] Compl. p. 5, ECF No. 7. Plaintiff contends Defendant discriminated against him based on his gender/sex, which is male, and his age, which is approximately fifty-nine years old.

As for the facts supporting his claim, Plaintiff writes,

> (1) On January 20th of 2022, my manager, Johnny Moore, sent me home for not having on a uniform. When I ask him what about the others that haven't worn uniforms while on light duty like myself he replied I gave them permission not to wear them.
>
> (2) Mr. Moore changed information on a document that I had signed previously.

---

[1] To be clear, the forgery Plaintiff is alleging is a means of sex or age discrimination, not a separate claim for some kind of fraud.

> (3) Mr. Moore told me to take off on my regular[ly] scheduled work day and come in on my off day. When I didn't comply more harassment started. All events took place at KCATA.

Compl. p. 6–7. For relief, Plaintiff asks for monetary damages of all money lost while under Johnny Moore, and $100,000 for mental anguish, hostile work environment, and mistreatment.

## Discussion

After carefully reviewing the record, the Court holds that even assessing the Complaint under the lenient pleading standard applied to a pro se complaint, it fails to allege facts sufficient to establish a plausible case for either race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, or for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

**I.     The Complaint fails to state a claim for sex discrimination under Title VII.**

    **a.     The Complaint fails to state a claim for disparate treatment based on sex.**

Because the Complaint does not allege acts of overt sex discrimination by Plaintiff's supervisor Johnny Moore, there is no direct evidence of discrimination under Title VII. And absent direct evidence of sex discrimination, Plaintiff must allege: (1) he belongs to a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) under circumstances giving rise to an inference of discrimination. *Warmington v Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796-97 (8th Cir. 2021). Here, the Complaint alleges: (1) Plaintiff was sent home from work one day for not wearing a uniform, while unspecified "others" did not have to wear uniforms while on light duty; (2) his supervisor changed information on a document he had signed previously (i.e., committed forgery); and (3) told him to take off on a regularly scheduled work day and come in to work on an off day. None of these, individually or collectively, is sufficient to plausible allege disparate treatment based on sex.

Since the Complaint does not allege the sex of these "others," nor does it claim that Plaintiff was similarly situated to these "others," these allegations are insufficient to give rise to an inference that Plaintiff was treated differently because of his sex. *See id* at 798 (holding the plaintiff's allegation that she was treated differently from "other coaches and athletes" whose sex was not identified was insufficient to state a claim for sex discrimination). The same is true of the second and third allegations; the allegations do not give rise to an inference Plaintiff was treated this way based on his sex. Consequently, the Complaint fails to state a claim for disparate treatment.

        **b.**     **The Complaint fails to state a hostile work environment claim based on sex.**

An alternate theory of liability—that Plaintiff was subject to a hostile work environment because of his sex—fares no better. To allege a prima facie case of sex discrimination based on a hostile work environment, Plaintiff must plead (1) he was a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his sex; and (4) the harassment was sufficiently severe or pervasive as to affect a term, condition, or privilege of employment. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 636 (8th Cir. 2006). To determine whether the harassment affected a term, condition, or privilege of employment, the Court considers "'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id*. (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998)).

Here the Complaint fails to plausibly allege the third element, that any harassment was based on Plaintiff's sex. For example, with respect to the forgery allegation, there is nothing in the Complaint which suggests his supervisor's behavior was motivated by Plaintiff's sex.

Plaintiff's response in his opposition, ECF No. 13, which makes additional factual allegations, cannot salvage his claim. Even if these new allegations evidenced that the supervisor's actions were motivated by Plaintiff's sex—and they do not—the Court cannot consider them in ruling on the motion to dismiss. *Hawse v. Page*, 7 F.4th 685, 691 (8th Cir. 2021) (noting a plaintiff cannot supplement the complaint by adding facts in the briefing on a motion to dismiss).

Accordingly, the Court grants the motion to dismiss with respect to the Complaint's Title VII claim(s).

## II. The Complaint fails to state an ADEA claim.

The Complaint's ADEA claim fails for the same reasons it fails to state a Title VII claim. The ADEA makes it unlawful for an employer "to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). For example, the Complaint does not allege that Plaintiff was sent home for not wearing a uniform while substantially younger workers who were similarly situated were treated differently. This is insufficient to plead a claim. *Cf. Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir. 2003) (a nine-year age difference may be insufficient evidence allowing an inference of an ADEA claim). There is no evidence here that any younger person was treated differently. Nor does the Complaint allege that Plaintiff's supervisor altered a document Plaintiff had previously signed because of Plaintiff's age, or that the supervisor directed Plaintiff to take a different day off work because of his age.

Consequently, Plaintiff's ADEA claim must be dismissed.

### III. The Complaint fails to state a claim for retaliation under Title VII or the ADEA.

Finally, the Court holds the Complaint fails to state a claim for retaliation under either Title VII or the ADEA. A retaliation claim under Title VII requires Plaintiff to allege that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) his engagement in the protected activity was the but-for cause of the adverse employment action. *Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023). A claim for retaliation under the ADEA requires Plaintiff to show he "engaged in ADEA-protected activity and that the protected activity was a but-for cause of an adverse employment action." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 649 (8th Cir. 2022). Here the Complaint alleges that the discriminatory acts occurred on January 20, 2022, and that he filed a discrimination charge with the Equal Employment Opportunity Commission seven months later, on August 15, 2022. Compl. p. 4–5. None of the treatment Plaintiff complains of occurred *after* he filed his discrimination charge, nor does he allege he engaged in any protected activity other than the filing the discrimination charge. Thus, on the facts alleged in the Complaint's timeline, Plaintiff's engaging in protected activity could not be the but-for cause of any adverse treatment, and so the Complaint fails to state a claim for retaliation.

### Conclusion

Even under the liberal pleading standards, the Complaint fails to state a plausible claim, and so Defendant's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Date: __October 21, 2025__          /s/ Greg Kays
                                                                      GREG KAYS, JUDGE
                                                                      UNITED STATES DISTRICT COURT